FILED

2017 Dec-29  AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CINDY KIMBRELL DENTON,** **individually,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Case No.:** _____ ) |
| **USA TRUCK, INC.; WELTON T. CALDEIRA; ALFA MUTUAL INSURANCE COMPANY, et al.,** | ) **Removed from the Circuit Court of** ) **Madison County, Alabama** ) **Civil Action No.: 47-CV-2017-902026** ) |
| **Defendants.** | ) |

---

## NOTICE OF REMOVAL

---

COMES NOW Defendant, **USA TRUCK, INC.** (hereinafter "USA Truck"), and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the foregoing cause from the Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division, and, as grounds for removal, shows unto the Court the following:

1. Plaintiff Cindy Kimbrell Denton initiated this civil action against Defendants on or about November 28, 2017, in the Circuit Court of Madison County, Alabama, Civil Action No. 47-CV-2017-902026. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control

{DOC# 00480191}

of Defendant, are attached hereto as Exhibit "1".  The case action summary for this case, from the State Judicial Information System web site, Alacourt.com, is attached hereto as Exhibit "2".

2.      Defendant USA Truck files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Complete diversity of citizenship existed among these parties at the time the lawsuit was filed in state court and on the date of this Notice of Removal. Plaintiff Cindy Kimbrell Denton is a resident and citizen of the State of Alabama. *See* Ex. 1, Compl. at ¶ 1.  Defendant USA Truck is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Van Buren, Arkansas.  *See* Ex. 1, Compl. at ¶ 3; *see* USA Truck's "Entity Details" page on Delaware's Department of State: Division of Corporations Website, attached hereto as Exhibit "3"; *see* USA Truck's "Company Snapshot" page on USDOT's FMCSA SAFER System Website, attached hereto as Exhibit "4"; *Haxton v. State Farm Mut. Auto Ins. Co. Bd. of Directors*, No.

3:13cv485/MCR/EMT, 2014 U.S. Dist. LEXIS 98649, at *22-24 n.10 (N.D. Fla. June 17, 2014) (*citing Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)) (district court may take judicial notice of a defendant corporation's citizenship based on reference to public records). Thus, Defendant USA Truck is a citizen of the State of Delaware and the State of Arkansas for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Although Defendant Welton T. Caldeira is a named defendant, he has not been served as of the filing date of this Notice of Removal. Consequently, at this time his citizenship is not relevant to establishing diversity jurisdiction under 28 U.S.C. § 1441. Should service subsequently be perfected upon Defendant Caldeira, for diversity purposes, Defendant Caldeira is a citizen of the State of Georgia. *See* Ex. 1, Compl. at ¶ 2; *see also* Ex. 1, Summons to Caldeira. Although the Complaint names the Plaintiff's uninsured/underinsured motorist insurer, Alfa Mutual Insurance Company, as a defendant, it is well-settled in this circuit that UM/UIM carriers are "nominal part[ies] whose citizenship does not destroy diversity. Hudson v. McGowan, 2010 U.S. District LEXIS 34745, at *3 (M.D. Ala. April 8, 2010)(*citing* Broyles v. Bayless, 878 F.2d 1400, 1402 (11th Cir. 1989). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity

jurisdiction.  Thus, complete diversity of citizenship exists between the Plaintiff and the essential Defendants.

4.      **Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.**  The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint.  *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted).  Here, however, Plaintiff does not specify in the Complaint the total amount of damages she seeks against Defendants.  The Eleventh Circuit precedent provides that where, as here, a plaintiff makes an unspecified damages demand in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."  *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).  In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'"  *Roe*, 613 F. 3d at 1061 (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

5.     The Eleventh Circuit Court of Appeals has stated if a defendant alleges removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061.  The district court is not bound by the plaintiff's representations, and does not have to assume the plaintiff is best able to evaluate the amount of damages sought.  *Id.* (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)).  The Eleventh Circuit Court of Appeals further stated:

> **Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added).  The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages.  *Id.* at 1064.

6.     Recent cases are helpful in determining the amount in controversy where, as here, a plaintiff fails to make a specific damages demand in the complaint. One such case explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require

the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added). Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction. *Id.* at 1334-35.

7.     Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272 (N.D. Ala. Aug. 31, 2015). In *Bush*, the court noted that prior to the

decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant.  *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272, *2 (N.D. Ala. Aug. 31, 2015).  The court further explained the Eleventh Circuit Court of Appeals "took corrective steps", because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint."  *Bush*, 2015 U.S. Dist. LEXIS 115272, at *2-3.  The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, **who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.**

*Bush*, 2015 U.S. Dist. LEXIS 115272, at *3 (emphasis added).

8.     As a final example, Defendant points this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).  In *Seckel*, the court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement.  *Seckel v. Travelers Home & Marine Ins.*

*Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013). The Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5.

9. **Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.** This action arises out of a motor vehicle accident that occurred on November 6, 2017, in Madison County, Alabama. (Ex. 1, Compl. at ¶ 7). Plaintiff Cindy Denton alleges that on this date, Defendant Caldeira negligently and wantonly "caused or allowed an eighteen wheeler truck which the Defendant, USA Truck, Inc., owned and/or operated to run into, upon, and against" a vehicle owned and operated by Plaintiff Denton. (Ex. 1, Compl. at ¶¶ 7, 10).

10. Plaintiff Denton claims she sustained "serious bodily injuries to her body as a whole" in the subject accident. (Ex. 1, Compl. at ¶ 8). Plaintiff Denton alleges she was "caused to incur great expenses" related to medical treatment for her temporary and permanent injuries, and that she will "continue to incur great medical expenses in the future." (*Id*.). She also claims she was "caused to suffer great physical pain and mental anguish" which will continue into the future. (*Id*.). Finally, she alleges that "her physical capacity to do everyday activities and duties were

completely diminished" and claims that she "was caused to lose time from her employment and loss wages." (*Id*.).

11.    In her Complaint, Plaintiff Denton alleges that Defendant Caldeira was an employee/agent of Defendant USA Truck, Inc., and sets forth claims of negligence and wantonness based on Defendant Caldeira's operation of the subject tractor-trailer. (Ex. 1, Compl. at ¶¶ 2, 7, 10). Plaintiff also makes direct claims against Defendant USA Truck for negligent/wanton entrustment and negligent, reckless, and wanton hiring, training, monitoring, supervision, and retention. (Ex. 1, Compl. at ¶¶ 14-22). Plaintiff demands judgment against Defendants under these claims for compensatory and punitive damages for "such sum of damages as the jury may find to be just and fair, plus costs." (Ex. 1, Compl.). Plaintiff does not make a more specific demand for damages arising out of these claims in her Complaint. Plaintiff further fails to disclaim the right to, or acceptance of, damages exceeding $74,999.99.

12.    In her Complaint, Plaintiff also alleges that Defendant Alfa Mutual Insurance Company "issued policies of automobile insurance to insure the Plaintiff which policies included underinsured motorist coverage." (Ex. 1, Compl. at ¶ 25). Plaintiff alleges that these policies were in force at the time of the subject accident with Defendants Caldeira and USA Truck, Inc., who Plaintiff claims are underinsured motorists. (Ex. 1, Compl. at ¶ 26). Plaintiff demands judgment against

Defendant Alfa Mutual Insurance Company "for the sum of the limits of all available underinsured motorists coverage for the policies, interest, and costs." (Ex. 1, Compl.).

13.    As in the cases cited above, Plaintiff claims she sustained substantial personal injuries as a result of Defendants' alleged negligent and wanton behavior, and seeks to recover both compensatory and punitive damages for past and future physical pain and suffering, mental anguish, and lost wages. Consequently, Plaintiff is "realistically hoping to recover more than $75,000" and the amount in controversy requirement is satisfied in this case.

14.    This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the time allowed by law for the removal of actions to the United States District Courts. Defendant USA Truck was served with the Summons and Complaint on or about December 4, 2017. (Ex. 1, Notice of Service for USA Truck, Inc.). This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

15.     Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant USA Truck submits this Notice of Removal.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendant USA Truck shows a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Madison County, Alabama.  Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,


/s/ Lea Richmond, IV
Lea Richmond, IV (asb-8479-l74r)
B. Joseph Davis, Jr. (asb-2324-n00u)
Attorneys for Defendant USA Truck, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:       lrichmond@carrallison.com
                  jdavis@carrallison.com

{DOC# 00480191}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of December, 2017, the foregoing document was electronically filed with the Clerk of this Court, and served upon the following using the CM/ECF system:

Randy Beard, Esq.
P.J. Harris, Esq.
**BEARD & BEARD**
Post Office Box 88
Guntersville, Alabama
Telephone:  (205) 731-2566

Justin Lackey, Esq.
**THE LACKEY FIRM**
126 East Peachtree Street
South Side Square
Scottsboro, Alabama 35768

*/s/ Lea Richmond, IV*
OF COUNSEL